UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**R&R CONTRACTING OF MANSFIELD, L.L.C.**          **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 07-1131**

**COLLINS KNIGHT, ET AL.**                                                **SECTION B(5)**

ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand. (Rec. Doc. No. 13). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

*BACKGROUND*

Plaintiff filed the instant lawsuit asserting claims of breach of contract and/or unjust enrichment against Iron Point Construction, L.L.C. ("Iron Point"), MMR Constructors, Inc. ("MMR"), and Fluor Enterprises, Inc. ("Fluor"). Plaintiff alleges defendants MMR and Fluor contracted to locate, sell, and install trailers in the New Orleans Metropolitan Area. MMR subcontracted Iron Point to perform work on said contract.[1] Iron Point entered a "Teaming Agreement" with Plaintiff for contract-related construction services. Plaintiff allegedly completed performance in accordance with the terms of the "Teaming Agreement" but has not

---

[1] Plaintiff alleges at all relevant times Iron Point was not registered to perform work in the state of Louisiana. *Petition For Breach Of Contract*, ¶ 5.

1

been paid for said performance.

Defendants MMR and Fluor removed Plaintiff's action from the 34th District Court for the Parish of St. Bernard asserting diversity of citizenship jurisdiction under 28 U.S.C. § 1332. MMR and Fluor contend complete diversity exists between proper parties and the amount in controversy exceeds $75,000.00. MMR and Fluor further contend that MMR, the sole non-diverse defendant was improperly joined as there was no privity of contract between Plaintiff and MMR.

Plaintiff contends Plaintiff was a third party beneficiary to the principal contracts between MMR, Iron Point, and/or Fluor which were intended to implement and oversee the installation of trailers. Plaintiff further contends MMR was unjustly enriched. Therefore, Plaintiff contends MMR is a proper party. Plaintiff contends complete diversity is destroyed and moves the Court to remand for lack or jurisdiction.[2]

### DISCUSSION

**A.   Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the

---

[2] Parties do not dispute the amount in controversy exceeds $75,000.00.

United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of

3

remand.  *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

MMR and Fluor contend Plaintiff failed to state a viable claim against MMR.  "Pleadings are to be construed to do substantial justice."  *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[3]  A petition is only required to state material facts upon which a cause of action is based.  *Id.* (citing La. Code Civ. Proc. art. 891).  Privity of contract is not required to sue for breach of contract if the performance of the contract was intended for the benefit of the Plaintiff.  *State ex rel. Guste v. Simoni, Heck and Assoc.*, 331 So.2d 478 (La. 1976).

A genuine issue of material fact exists as to whether MMR's contracts with Fluor and/or Iron Point included a stipulation for Plaintiff's benefit.[4]  Plaintiff may prove a set of facts in support of a breach of contract claim against MMR entitling it to relief.  Therefore, the Court finds MMR is a proper Defendant and complete diversity is destroyed.  Finding this Court lacks

---

[3]Plaintiff filed the Petition in state court.  Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

[4]Neither the contract between MMR and Fluor nor the contract between MMR and Iron Point are before the Court to determine whether the contracting parties conferred a third party benefit upon Plaintiff.  Therefore, a genuine issue of material fact exists.

jurisdiction under 28 U.S.C. § 1332,[5]

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 14th day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Finding federal jurisdiction does not exist, it is unnecessary for this Court to address whether Plaintiff asserted a viable unjust enrichment claim against MMR.